IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-00965-SKC-SBP

JOSHUA JAMES ELLIS,

    Plaintiff,

v.

MESA COUNTY, and
SHERIFF TODD ROWELL, Mesa County Sheriff,

    Defendants.

## ORDER

Before the Court is the Recommendation of Magistrate Judge Susan Prose (Dkt. 79) to grant Defendant Sheriff Rowell's Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, Fed. R. Civ. P. 56 (Motion) (Dkt. 57). Plaintiff has filed an Objection to the Recommendation (Dkt. 81) and Defendants filed a Response to the Objection (Dkt. 82). For the reasons shared below, the Court accepts the Recommendation and incorporates it into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

1

## A. LEGAL PRINCIPLES

### 1. Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of a magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute, and gives the district court an opportunity to correct any errors immediately." *Id.* (cleaned up)). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### 2. Treatment of a Pro Se Plaintiff's Pleadings

A pro se litigant's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But a pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se litigant. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority,

confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## B. BACKGROUND

As set forth more fully in the Recommendation, Plaintiff was a pretrial detainee at the Mesa County Detention Facility (MCDF) when another inmate stabbed him. Dkt. 79, p.2; *see also* Dkt. 54, ECF p.6. Plaintiff then filed this lawsuit. Dkt. 79, p.2. The Third Amended Complaint ("TAC") is the present, operative complaint. Dkt. 54. In it, Plaintiff sues Defendants Mesa County and Mesa County Sheriff Todd Rowell, in his official capacity, alleging municipal liability claims against them for failing to protect him in violation of his Fourteenth Amendment rights. Dkt. 79, p.3; *see also* Dkt. 54, ECF pp.4-7. Their failures, according to Plaintiff, resulted from two purported policies or practices at MCDF—the inmate classification process and the inmate search process. Dkt. 79, p.3; *see also* Dkt. 54, ECF pp.4-7.

As mentioned, Defendant Rowell filed a Motion arguing the TAC should be dismissed under Rule 12(b)(6) for failing to state a claim or, alternatively, under Rule 56 because Plaintiff failed to exhaust his administrative remedies. Dkt. 57. Plaintiff filed a Response (Dkt. 70) and Defendants filed a Reply (Dkt. 71). In addition, Plaintiff filed a Sur-Reply without leave of Court (Dkt. 72), to which Defendants filed response to the Sur-Reply (Dkt. 73-1), both of which Judge Prose accepted. Dkt. 77.

3

Judge Prose, however, did not accept Plaintiff's second proffered sur-reply (Dkt. 76). Dkt. 77.

Addressing the Motion, Judge Prose first considered Defendants' argument that the claims should be dismissed under Rule 56 for failing to exhaust administrative remedies and alternatively considered their Rule 12(b)(6) arguments. She recommends the Motion be granted and Plaintiff's claims dismissed under either standard. The Court considers first Defendants' Rule 56 arguments. In analyzing the Recommendation and Plaintiff's Objection, the Court trusts the parties are well-versed in this dispute such that the Court will not recount every aspect of their arguments here.

## C. ANALYSIS

As a predicate matter, the Court finds that Plaintiff has not made specific objections to the Recommendation. *See* Dkt. 81. Thus, even construing his Objection liberally, his Objection is not due de novo review. *See One Parcel*, 73 F.3d at 1060. Rather, the Court will instead consider the Objection to confirm no clear error on the face of the record exists. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The purpose of objections is to focus the Court on "those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* Plaintiff's Objection recycles his argument from his Sur-Reply that Plaintiff

> openly admits he was unable to properly grieve any issue or appeal any grievance denial as he specifically states he was denied a paper grievance form and the grievance app was inoperable to inmates during

4

> this time at MCDF. The only working app was for kites not grievances that means any appeal was inoperable as well.

Dkt. 81, p.1 (unaltered); *compare with* Dkt. 72, ECF p.1 ("MCDF's deputies refusal of written grievance forms leaving the only grievance option being an under construction app on the facility tablet that was inoperable to inmates during [Plaintiff's] time at MCDF . . .."). But he does not direct the undersigned with any specificity to what error he believes Judge Prose committed, other than the outcome. That is not a specific objection. *See One Parcel*, 73 F.3d at 1060.

Plaintiff also fails to point the undersigned to any evidence that contravenes either of the sworn affidavits submitted from Captain Smith, the then-administrator of the Administrative Remedy Program at MCDF. *See* Dkts. 57-2; 73-1, ECF pp.10-14. Generally, these affidavits aver that Plaintiff did not take the required steps to file grievances or appeals. *See id.* Indeed, Judge Prose addressed this specific issue—the fact that Plaintiff failed to submit anything she could consider as evidence for her recommendation. *See* Dkt. 79, p.11. Further, the undersigned agrees with Judge Prose that, on at least one occasion, Plaintiff did in fact file a grievance, which negates his assertion that he was unable to file any. *Compare* Dkt. 57-2, ¶16 *with* Dkt. 81, p.1. Nor does Plaintiff direct the Court to any legal authority explaining what the impact of his averments should be on the Court's analysis. *See generally* Dkt. 81.

Because Plaintiff's Objection lacks the requisite specificity, the Court's review seeks to confirm whether clear error on the face of the record exists. *See Thomas*, 474 U.S. at 150. The Court finds the Recommendation is detailed and thorough and

5

contains no clear error on the face of the record. Judge Prose correctly ascertained and applied the law and appropriately construed Plaintiff's claim liberally. She correctly summarized the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which requires incarcerated persons to exhaust their administrative remedies before they can file a federal civil rights lawsuit. And she correctly found the evidence supported a finding that Plaintiff had failed to exhaust those administrative remedies, thus precluding him from pursuing this lawsuit.

Moreover, even under de novo review, the record indicates Plaintiff failed to exhaust his administrative remedies, and thus, Plaintiff's claims should be dismissed under Rule 56. The PLRA requires prisoners to exhaust administrative remedies before filing a civil rights action. The statute provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all suits by incarcerated persons concerning prison life, whether they involve general circumstances or specific episodes. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint).

Exhaustion is an affirmative defense, which places the burden on defendants to prove it by a preponderance of the evidence. *Roberts v. Barreras*, 484 F.3d 1236,

6

1241 (10th Cir. 2007). When the affirmative defense of failure to exhaust administrative remedies is asserted in a motion for summary judgment, defendants "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant[s] meet[ ] this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant[s] [are] then entitled to summary judgment as a matter of law." *Id.*; s*ee also Roberts*, 484 F.3d at 1241 (defendants bear the burden of proving their affirmative defense that Plaintiff failed to exhaust available administrative remedies).

If an administrative remedy is not available, however, an inmate cannot be required to exhaust it. *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011). But it is a plaintiff's burden "to show that remedies were unavailable to him." *Id.* at 1254. A remedy is "available" under the PLRA if it affords "the possibility of some relief for the action complained of." *Booth v. Churner*, 532 U.S. 731, 738 (2001). In the Tenth Circuit, an administrative remedy is not "available" under the PLRA "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016). Based on this principle, the Court must "ensure that any defects in exhaustion [are] not procured from the action or inaction of prison officials." *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

The Court finds that Plaintiff failed to offer evidence the Court can consider concerning whether he exhausted his administrative remedies. *See* Dkts. 70, 72 (Plaintiff's Response and Sur-Reply, each lacking any averment it was sworn under penalty of perjury or before a notary). On the contrary, only Defendants offered competent evidence for purposes of summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A). And that evidence is that the MCDF has an administrative remedies procedure that requires inmates to first submit a kite, then a written grievance, and finally a grievance appeal. Dkt. 57-2, ¶¶4-10. Plaintiff availed himself of this process, albeit incompletely. *See id.* at ¶¶15-17. While he filed some kites that addressed at least some of his claims underlying this litigation, he did not file a kite concerning his claim of inadequate cell searches. *Id.* at ¶15. And he failed to complete the administrative remedy process for other kites by filing grievance appeals. *Id.*

Further, the Court finds that Plaintiff has not carried his burden to show that the administrative exhaustion process was unavailable to him. On the contrary, Defendants submitted uncontroverted evidence explaining:

1. MCDF could track whether an inmate had requested a grievance appeal form;
2. MCDF keeps an inmate activity log showing no grievance appeal form was ever issued to Plaintiff;
3. if an inmate were refused such a form, the inmate could bring such a refusal to authorities' attention by filing a kite about the refusal; and

8

    4. Captain Smith, who administered the administrative exhaustion process at MCDF, had "not seen in all my time working at the MCDF" an inmate being improperly refused a grievance or appeal form.

Dkt. 73-1, ECF pp.11-12. Consequently, the Court, even under de novo review, would grant that portion of the Motion seeking judgment under Rule 56 for Plaintiff's failure to exhaust his administrative remedies.

For these reasons, the Court finds no error in the Recommendation, clear or otherwise.

\*     \*     \*

For the reasons shared above, the Court OVERRULES the Objections (Dkt. 81), ACCEPTS and ADOPTS the Recommendation (Dkt. 79) and GRANTS the Motion (Dkt. 57). The Plaintiff's TAC is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is ORDERED to terminate this case.

DATED: March 18, 2025

BY THE COURT:

_____

S. Kato Crews
United States District Judge